IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AUSTIN GEORGE MINERAL, LLC, and GARDNER INVESTMENT PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DRY COTTONWOOD CREEK. LLC and CASEY SHUPE,<br><br>Defendants. | CV-26-10-BU-JTJ<br><br>ORDER |

## I. INTRODUCTION

On June 18, 2026, Plaintiffs Austin George Minerals, LLC and Gardner Investment Properties, LLC (AGM) filed a Second Amended Complaint against Defendants Dry Cottonwood Creek, LLC, and its sole member, Casey Shupe (Defendants). (Doc. 45). AGM seeks relief for: Count I: Declaratory Judgment as to Easement Rights-Quiet Title; Count II: Breach of Easement; Count III: Declaratory Judgment as To Easement by Implication; Count IV: Declaratory Judgment as To Easement by Necessity; Count V: Trespass; and Count VI: Tortious Interference with Business Relations. (Id.).

AGM and Defendants own adjoining properties located in Deer Lodge County, Montana. (Doc. 45, ¶ 12-14). AGM contends it has an express easement through a Partition Deed recorded

in Deer Lodge County (88-555) that allows it to access its property through an existing road, which runs through Defendants' neighboring properties. (Id. ¶¶ 85-94 – Count I). AGM contends Defendants have breached this express easement. (Id., ¶¶ 95-107 - Count II). AGM further contends it has an easement by implication due to the historic use of the roadway. (Id., ¶¶ 108-116- Count III). Additionally, AGM contends it has an easement by necessity as the roadway is the only feasible access to AGM's property. (Id., ¶¶ 117-123 - Count IV). AGM further contends that Defendants deprived AGM of access to its own land by making repairs to and installing a fence that encroached upon the AGM property, without legal authority or consent of AGM to do so. (Id., ¶¶ 124-130 - Count V). Finally, AGM contends Defendants have obstructed the "Roadway Easement" through installation of a gate and are using the parties shared maintenance obligations for proposed upgrades to the "Roadway Easement" to interfere with AGM's mining operation and hinder its business. ( Id., ¶¶ 131-156 - Count VI).

On July 9, 2026, Defendants filed a Motion to Dismiss (Doc. 54). Defendants contend that Counts I, II, III, IV, and VI should be dismissed for failure to state a claim. Defendants further contend that after dismissing these counts, Count V should be dismissed because, by itself, the amount in controversy is less than $75,000 and as such the Court lacks jurisdiction over this count pursuant to 28 U.S.C § 1332(a). (Id). Defendants have filed briefs in support of their motion. (Docs. 55 and 61). AGM opposes the motion. (Doc. 58). The Court conducted a hearing on the motion on August 13, 2026.

## II. LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry,* 710 F.3d 995, 999 (9th Cir. 2013).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The plausibility standard does not require probability, but "asks for more than sheer possibility that defendant has acted unlawfully." *Id.* At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

## III. DISCUSSION

### A. AGM's fails to allege a plausible express easement claim

Defendants argue that AGM's reliance on the language in documents 88-555 and

88-558 (Partition Deeds), recorded in Deer Lodge County, Montana to support its claim of an express easement allowing AGM to use a road that crosses through the Defendants' property to access AGM's property is insufficient to raise a plausible claim. (Doc. 55, p. 9). According to Defendants, the language in Partition Deed 88-555 purporting to convey "non-exclusive rights of access over existing roads connecting the property described in the deed to county roads or public ways, to the extent Grantors hold such rights" does not contain sufficient language to create an express easement. (Id.). Defendants further argue that 88-555 does not specify existing roads, cross-reference the contemporaneous Partition Deed recorded at 88-558, or attach a plat map of the described property. (Id.) As such, Defendants argue, 88-555 does not by itself express clear and unambiguous grantor intent to grant or reserve an easement describing the intended dominant and servient estates, use, and location of the easement. (Id., p. 13, citing *Mary Ellen Duke Tr. v. Lee Lou*, 535 P.3d 1133 (Mont. 2023)). Defendants further argue the Court cannot "recognize the creation of an easement based on unreferenced documents and post-transaction testimony as to what the parties intended" citing *Blazer v. Wall,* 183 P.3d. 84 (Mont. 2008*)*. Defendants also argue that AGM cannot use extrinsic evidence to fill in what the deed omits as the intent to create an express easement must be expressed in the written document of conveyance. Because Partition Deed 88-555 fails in this regard, Defendants urge the Court to order that Partition Deed 88-555 fails to create an express easement. (Id., p. 16, citing *Blazer* at 100).

The Court agrees. The language in the Partition Deed 88-555 does not contain sufficient language describing over which property an easement was granted. Further,

AGM's argument that an express easement can be found by reading Partition Deeds 88-555 and 88-558 and a recently obtained Partition Agreement referencing a map together is not well taken. This argument is not supported by the allegations in AMG's Second Amended Complaint which makes no reference to this Partition Agreement, nor is the Partition Agreement referenced in either of the Partition Deeds.

AGM's oral argument that the qualifying deed language in Partition Deed 88-555, "SUBJECT TO" "easements for roads, as existing of public record, or as visible on the premises," must be given meaning is also insufficient to support its express easement claim. Qualifying deed language "subject to" is generally insufficient to create an easement by grant or reservation. *O'Keefe v. Mustang Ranches HOA*, 446 P. 3d 509, 518 (Mon. 2019). If "subject to" language is coupled with a plat, certificate of survey or map of record incorporated by reference, "the qualifying deed language 'subject to' may be together sufficient to newly create an express easement by grant or reservation." (*Id.*) The Partition Deeds, however, do not incorporate by reference this Partition Agreement nor do they incorporate any map purportedly attached to such Partition Agreement. Therefore, the qualifying deed language "subject to" in Partition Deed 88-555 is insufficient to create an express easement. Without a plausible express easement claim, Count II alleging a breach of such easement also fails.

However, should AGM, through the course of discovery establish facts that support a claim for an express easement, AGM may move pursuant to Fed. R. Civ. P. 15(a)(2) for leave of the Court to file a Third Amended Complaint.

**B. Counts, III, IV, V and VI allege sufficient facts to meet the plausibility standard to survive Defendants' Motion to Dismiss**

AGM contends that it has sufficiently pled in the alternative claims for declaratory judgment as to an implied easement. (Id., pp 22). AGM argues that it has plausible pled the three elements required to establish an implied easement: "(1) the tracts at issue were severed from common ownership; (2) the use that exists on the servient tract is apparent, continuous and reasonably necessary for the beneficial use and enjoyment of the dominant tract at the time of severance, and (3) the parties to the deed intended the use to continue after division of the property." (Id., pp. 23-24, citing *Thomas Mann Post No. 81 of the Am. Legion, Dept. of Mont. v. Knudsen Fam. Ltd. P'ship,* 514 P. 3d 409 (Mont. 2022)). AGM contends that Defendants self-serving skewed interpretation of the Second Amended Complaint is not the governing standard on a motion to dismiss. (Id., p. 23). AGM also contends that it has sufficiently pled an easement by necessity by alleging another Forest Service road was practically unavailable. (Id., pp. 27-28). At this stage, that is all that is required under Rule 8. (Id, p. 28).

AGM further contends that it has sufficiently pled claims for breach of easement and for tortious interference. (Id. pp. 28-29). Defendants only argument to dismiss its breach of easement claim is premised on there being no easement, express or implied. (Id). Regarding AGM's tortious interference claim, it has sufficiently challenged the good faith nature of Defendants' actions in asking too much in contributions to maintain the easement, which is all that is required under Rule 8. (Id., pp. 29-30). Finally, AGM argues

Defendant's motion to dismiss based upon lack of subject matter jurisdiction is a factual attack challenging the amount of damages related to AGM's trespass claim. (Id., pp. 30-33).

The Court agrees. Reviewing the facts in the light most favorable to AGM, renders AGM's implied easement claim and its easement by necessity claim, plausible on their face. AGM's tortious interference and trespass claims also allege sufficient facts to render these claims plausible. The factual record is not yet fully developed, and discovery will fill the factual gaps upon which the parties may move for summary judgment when the time comes. A more fully developed record will allow the Court to evaluate AGM"s claims. Until then, a decision to dismiss is premature.

**IV. CONCLUSION**

Defendants' Motion for Summary Judgment (Doc.54) is GRANTED in part and DENIED in part as follows:

1. Defendants' Motion to Dismiss Count I: Declaratory Judgment as to Easement Rights-Quiet Title and Count II: Breach of Easement is GRANTED.

2. Defendants' Motion to Dismiss Count III: Declaratory Judgment as To Easement by Implication; Count IV: Declaratory Judgment as To Easement by Necessity; Count V: Trespass; and Count VI: Tortious Interference with Business Relations is DENIED.

DATED this 2nd day of September 2026.

John Johnston
United States Magistrate Judge